UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NATIONAL STARCH AND CHEMICAL TRADING COMPANY, LTD., et al., | ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | Docket No. 05-91-P-S |
| M/V STAR INVENTANA, et al., | ) ) | |
| Defendants | ) | |

### MEMORANDUM DECISION ON MOTION TO EXCLUDE EXPERT WITNESS TESTIMONY

The defendants, M/V Star Inventana, Star Shipping AS and Masterbulk PTE, Ltd., move to exclude expert witness testimony to be offered at trial by the plaintiffs. They assert that the plaintiffs improperly identified Robert O'Mara as a potential expert witness and untimely designated Joseph V. Rodricks, Ph.D. as an expert witness. Motion to Exclude Plaintiff's Expert Witness Testimony ("Motion") (Docket No. 24) at 3-6. They ask that the plaintiffs be barred from offering expert testimony from either of these individuals as a consequence of alleged discovery violations. *Id*. at 6-7. In a telephone conference held with counsel for the parties at my request, counsel for the plaintiff conceded that the motion is moot as to Joseph Rodricks inasmuch as the plaintiffs do not intend to call him as a witness at trial and, accordingly, have not listed him in their final pretrial memorandum. *See* Docket No. 30. My ruling is therefore limited to the potential expert testimony of Robert O'Mara.[1]

---

[1] The plaintiff has requested a "hearing" on the motion. Plaintiff's Request for Hearing and Response to Defendant's Motion to Exclude Plaintiff's Expert Witness Testimony ("Opposition") (Docket No. 25) at 1. To the extent that counsel means to request an evidentiary hearing, he offers no reason why such a procedure would be necessary or advisable and none is apparent to me. To the
(*continued on next page*)

The defendants state that the plaintiffs provided with their initial disclosures a memorandum dated January 25, 2002, apparently written by O'Mara, an employee of one or more of the plaintiffs, recounting his review of certain reports and his conclusion that tapioca shipped to the plaintiffs on a vessel owned by the defendants had been properly rejected by the plaintiffs. Motion at 3 & Exhibit F thereto. On January 10, 2006 the plaintiffs noticed the deposition of O'Mara for February 3, 2006. Motion at 3-4. Three weeks after the deadline for the plaintiffs to designate experts, in a letter dated January 20, 2006, counsel for the plaintiffs informed counsel for the defendants that the plaintiffs would "probably be having O'Mara testify as to his memo on the total rejection of the tapioca starch." *Id*. at 4. The letter also informed counsel for the defendants that O'Mara was in Germany and "we are attempting to contact him to determine his availability." *Id*. Counsel for the defendants advised counsel for the plaintiffs by letter dated January 24, 2006 that the plaintiffs did not consider the expert witness disclosure to be adequate. *Id*. On March 24, 2006 counsel for the plaintiffs informed counsel for the defendants that O'Mara was still in Germany and that counsel was still attempting to "get dates of availability." *Id*. at 5.[2] By electronic mail dated April 12, 2006 counsel for the plaintiffs informed counsel for the defendants that O'Mara "will testify in accordance with his report, which has already been produced . . . . " *Id*. at 5-6. No additional information about O'Mara has been provided.

The plaintiffs respond: "[O'Mara] simply advised Mr. Peter Salis and Mr. Thomas Riley on what his beliefs were. Thus, Mr. O'Mara is more of a fact witness than an expert witness. He will testify as to what he told Mr. Riley. This advice was not based on any testing, scientific or technical knowledge." Opposition at [3]. Salis and Riley are not otherwise identified. The plaintiffs contend

---

extent that counsel means to request oral argument, the papers submitted by counsel are sufficient to allow the court to rule on this matter.

[2] The plaintiffs assert that they have offered the defendants the option of taking O'Mara's deposition by telephone and that the defendants have insisted that O'Mara travel to Maine to be deposed. Opposition at [4]. The plaintiffs also state that "if and when Mr. O'Mara is capable of appearing at trial to testify, [they] will offer him up for deposition prior to testimony at trial . . . ." *Id*. at [6].

that any opinions offered by O'Mara will be as a lay witness, offering opinions based on his particular knowledge by virtue of his position in the plaintiffs' business. *Id*. They also assert that they "have recently provided Mr. O'Mara's qualifications." *Id*. at [4]. Finally, they "request that Defendants be allowed to take the deposition of Mr. O'Mara prior to his testimony at trial," a step which they contend will cure any prejudice caused to date. *Id*. at [6].

The defendants in reply take the position that O'Mara's testimony as a lay witness under Fed. R. Evid. 701 "or otherwise" must be excluded because any opinion that is not based on scientific, technical or other specialized knowledge "would not be relevant." Reply Memorandum on Defendants' Motion To Exclude Expert Witness Testimony ("Reply") (Docket No. 27) at [3].[3] In addition, they assert, "[a]ny information Mr. O'Mara may have concerning the incident at issue is not 'rationally based on the perception of the witness' as required by Rule 701, Fed. R. Evid. Mr. O'Mara is therefore not competent to offer opinion testimony regarding the propriety of decisions made by his employer some thirty (30) to forty-five (45) days prior to his report." *Id*. at [4].

To the extent that O'Mara may attempt to offer expert testimony at trial, it is clear that the plaintiffs have failed to comply with Fed. R. Civ. P. 26(a)(2) and with the scheduling order entered in this case. Scheduling Order with incorporated Rule 26(f) Order (Docket No. 9) at 2 ("Plaintiff(s) shall designate experts required to be disclosed by Fed. R. Civ. P. 26(a)(2)(A) . . . and, with respect to each of them, provide a complete statement of all opinions to be expressed and the basis and reasons therefore by: **December 1, 2005** [.]"). Rule 37 (c)(1) enforces Rule 26(a) by providing that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless the failure is harmless, permitted to use as evidence at trial . . . information not so disclosed." The plaintiffs at one point appeared to limit the testimony to be offered to that set forth in

---

[3] Counsel are reminded that all memoranda pages are to be numbered at the bottom. Local R. 7(e).

O'Mara's memorandum, which was provided to the defendants with their initial disclosure. However, the memorandum did not provide a complete statement of the basis and reasons for the opinions stated therein, nor did it identify the data or other information considered by O'Mara, O'Mara's qualifications or the other information specifically requested by the defendants until well after the discovery deadline had passed, if at all. The plaintiffs offer no justification for these failures, let alone a "substantial" one. The required sanction "in the ordinary course" for failure to comply with these requirements is mandatory preclusion of the expert's testimony. *Poulis-Minott v. Smith*, 388 F.3d 354, 358 (1st Cir. 2004). *See also LaPlace-Bayard v. Batlle*, 295 F.3d 157, 161-62 (1st Cir. 2002). The motion to exclude is granted as to any opinion testimony to be given by O'Mara as an expert witness.[4]

As a lay witness, O'Mara's opinion testimony would be governed by Fed. R. Evid. 701, which provides:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

The defendants' assertion that O'Mara's opinion would not be *relevant* if not based on any scientific, technical or other specialized knowledge, offered without citation to authority, Reply at [3], makes no sense in connection with an argument about admissibility under Rule 701, which specifically allows such testimony. Relevance cannot be determined merely by consideration of the question whether

---

[4] I emphasize that this ruling is not based in any way on the defendants' assertion that the plaintiffs' "failure to make adequate disclosure . . . by producing Mr. O'Mara for deposition," Motion at 7, justifies exclusion of his testimony under either Rule 701 or Rule 702. The defendants make no attempt to show why a telephone deposition, a common practice in contemporary litigation and an alternative proffered by the plaintiffs in this case, would not be sufficient. *See Ohuche v. British Airways*, 1998 WL 240481 (S.D.N.Y. May 11, 1998), at *1 (defendant who refused to take deposition of plaintiff's expert by telephone or at expert's office required to pay expert's hourly rate for all travel time and travel expenses).

proffered testimony is based on scientific, technical or other specialized knowledge. In addition, it is not possible to discern from the materials provided by the parties just what provides the basis for any opinions expressed by O'Mara in the memorandum at issue. That aspect of the issue can only be addressed at trial, after counsel for the plaintiffs calls O'Mara to testify and attempts to establish a foundation for any lay opinion testimony that he may wish to offer.

To the extent that O'Mara's lay opinion testimony will be limited to the opinions set forth in the disclosed memorandum,[5] the defendants contend, again without citation to authority, that such testimony must be excluded because O'Mara's opinions could not be "rationally based on the perception of the witness" as required by Rule 701. Reply at [4]. The defendants do not explain why this is so; apparently they mean to assert that O'Mara could only express his lay opinion about the propriety of rejecting the shipment of tapioca at issue if he had inspected the tapioca himself upon its arrival. The language "perception of the witness" in Rule 701 has not been so narrowly construed by the courts. A witness may testify under Rule 701 about "inferences that he could draw from his perception" of a business's records, or "facts or data perceived" by him in his corporate capacity. *Teen-Ed, Inc. v. Kimball Int'l, Inc.*, 620 F.2d 399, 403-04 (3d Cir. 1980). *See generally Robinson v. Watts Detective Agency, Inc.*, 685 F.2d 729, 738-39 (1st Cir. 1982) (owner allowed to give estimate of value of business based in part on information gained through talking with other knowledgeable businessmen); *see also Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1175 (3d Cir. 1993).

On the showing made, it is not possible to determine what portion of O'Mara's testimony, if any, will constitute lay opinion and whether that opinion testimony will fall within the limits of Rule

---

[5] The plaintiffs also state that O'Mara "simply advised Mr. Peter Salis and Mr. Thomas Riley on what his beliefs were" and that he "will testify as to what he told Mr. Riley." Opposition at [3]. To the extent that this testimony differs from the substance of the memorandum and is offered for its truth, and all other evidentiary considerations aside, it will be admissible if it is factual rather than opinion testimony. If it is opinion testimony, it will be subject to the same considerations discussed in the text with respect to the opinions stated in O'Mara's memorandum.

701. Those determinations must be left until trial. It is only possible now to conclude that the testimony should not be excluded at this time.

## Conclusion

For the foregoing reasons, the defendants' motion to exclude is (i) **MOOT** as to Joseph V. Rodricks; (ii) **GRANTED** as to any expert opinion testimony to be offered by Robert O'Mara; and (iii) **DENIED** as to any lay opinion testimony to be offered by O'Mara, subject to reassertion at trial with respect to specific questions posed to O'Mara by plaintiffs' counsel.

Dated this 5th day of July 2006.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge