UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NATIONAL STARCH AND CHEMICAL TRADING COMPANY, LTD., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Docket No. 05-cv-91-P-S |
| M/V STAR INVENTANA, et al., | ) ) | |
| Defendants. | ) ) ) | |

## ORDER ON PRETRIAL MOTIONS

Before the Court are the following motions related to deposition designations: Defendants' Motion to Exclude Designated Portions of Depositions (Docket # 52), Defendant's Objections to Plaintiffs' Designation of Deposition of Nicholas Van Slyck Mumford, III (Docket # 56), Plaintiffs' Motion Objecting to Defendants' Designations of Deposition Testimony of Howard Abramovitz (Docket # 59), Plaintiffs' Motion Objecting to Defendants' Designation of Deposition Testimony of John Worrall Dated June 27, 2006 (Docket # 60), Plaintiffs' Motion Objecting to Defendants' Designation of Deposition Testimony of Michael Mentuck (Docket # 61), Plaintiffs' Motion Objecting to Defendants' Designation of Deposition Testimony of Robert Williams (Docket # 62), and Defendants' Amended Motion to Exclude Designated Portions of Depositions (Docket # 69). The Court has reviewed each of the objections presented by these various motions. With one exception noted below, the Court hereby DENIES all of these motions finding that the objections should be overruled based on a finding that the objections do not provide a basis for exclusion of the noted deposition testimony at the upcoming bench trial. Rather, the objections are more appropriately addressed to what weight, if any, should be given to the testimony in question. This is an issue that the Court can and will address in its ultimate Findings of Fact and Conclusions of Law. The Court also notes that it has deemed a number of the objections presented to the Court via these various motions as waived by counsel's failure to comply with Federal Rule of Civil Procedure 32(d)(3)(A) & (B) and District of Maine Local Rule 32(a).

The exception to the Court's general overruling of the numerous objections presented pertains to Federal Rule of Evidence 407. Pursuant to Rule 407, the Court hereby EXCLUDES all testimony related to subsequent changes in the procedure for dealings with stevedores onboard during rain break periods in which the cargo holds need to be covered. This exclusion includes, by way of example, testimony of John Worrall during his June 27, 2006 deposition at page 9, lines 20-24. The Court will not consider any evidence of subsequent changes in procedure in making its findings of fact in this case.

In accordance with this ruling, all of the above motions regarding the admissibility of deposition designations (Docket #s 52, 56, 59, 60, 61, 62 & 69) are hereby GRANTED IN PART and DENIED IN PART.

Also before the Court is Defendants' Objection to Amended Witness List (Docket # 72), which objects to Plaintiffs' belated designation of Mr. J.P. Williamson. As noted in Defendants' Objection, Mr. Williamson was not listed in Plaintiffs' Final Pretrial Memorandum (Docket # 28). Mr. Williamson was also not listed on Plaintiffs' Witness List, dated August 7, 2006 (Docket # 44). Finding Plaintiffs failed to timely notify opposing counsel and this Court of its intention to call Mr. Williamson without good cause, the Court hereby GRANTS Defendants' Objection to the belated addition of Mr. Williamson and hereby EXCLUDES Mr. Williamson from testifying at trial.

Finally, the Court also has before it Defendants' Objections to the Consolidated Trial Exhibit List (Amended) (Docket # 73). Via this Objection, Defendants seek to preserve foundation and hearsay objections to Plaintiffs' Exhibits 43A – 43F. The Court notes that these objections are listed on the Third Amended Consolidated Trial Exhibit List (Docket # 77). Thus, Defendant's Objection to the earlier amended version of the exhibit list appears to be MOOT. The Court will, of course, reserve ruling on objections to Plaintiffs' Exhibits 43A – 43F until they are offered at trial.

SO ORDERED.

    /s/ George Z. Singal
GEORGE Z. SINGAL
Chief United States District Judge

Dated this 14th day of August 2006.